**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
**JOHN PADBERG, ET AL.,**

                             **Plaintiffs,**

       -against-

**DIANE MCGRATH-MCKECHNIE, ET AL.,**

                             **Defendants.**
----------------------------------------------------------X

**MEMORANDUM
AND ORDER
CV-00-3355 (RJD) (SMG)**

**GOLD, S., U.S.M.J.:**

## Introduction

Defendants McGrath-McKechnie, et al., move for a protective order to preclude public access to a videotaped deposition of former Mayor Rudolph Giuliani, a party defendant in the instant case. Plaintiffs oppose the protective order on First Amendment grounds.

Mr. Giuliani's deposition was held on March 23, 2005. Prior to that date, defendants sought a protective order limiting plaintiffs' right to use the deposition to purposes of this litigation. By order dated March 18, 2005, I granted defendants' application. Docket Entry 215. Plaintiffs then moved for reconsideration. During a telephone conference on March 22, 2005, I denied plaintiffs' motion without prejudice to their right to submit briefs in support of their application. I further indicated that the protective order would remain in effect, but only to ensure that the videotape would not be distributed before plaintiffs had the chance to submit a brief and the Court had the opportunity to fully consider the legal issues. The motion is now fully briefed and properly before this Court. I have reviewed the parties' briefs and now deny defendants' motion.

## Discussion

Federal Rule of Civil Procedure 26(c) governs issuance of protective orders in discovery disputes. The rule provides, in pertinent part, that:

> [u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown . . . the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c). The District Court has wide discretion in the grant and nature of protective orders. See Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992); see also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209 (1984) ("[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.").

This broad discretion is tempered by the Second Circuit's admonition that protective orders should not be lightly modified. See Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979) (A District Court should not modify a protective order "absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need."). However, this general principle does not apply here. When plaintiffs moved for reconsideration, prior to the Giuliani deposition, I directed that the protective order I entered on March 18, 2005, would remain in effect only to maintain status quo until the issue could be fully briefed by the parties.

Second Circuit case law supports a presumption of public access to discovery material. In In re "Agent Orange" Product Liability Litigation, 821 F.2d 139 (2d Cir. 1987), the Court pointed to the public policy that "the general public be afforded access to discovery materials whenever possible," and noted that "unless the public has a presumptive right of access to discovery materials, the party seeking the materials would have no need for a judicial order since the public would not be allowed to examine the materials in any event." Id. at 146. The Court also emphasized the importance of public access in cases of "especial public interest." Id.

Subsequent decisions applying this general presumption have narrowed it to a degree by distinguishing between judicial and non-judicial documents. See United States v. Amodeo, 44

F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). The court held in Amodeo I that "a judicial document subject to the right of public access ... must be relevant to the performance of the judicial function and useful in the judicial process." Id. Testimony or documents which are only marginally relevant to judicial decisions enjoy only a weak presumption, and no presumption at all applies to documents which play no role in the exercise of judicial authority. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II").

In Condit v. Dunne, 225 F.R.D. 113 (S.D.N.Y. 2004), the court considered an application to seal the videotape of a deposition which had not been relied upon by the court in reaching any decision. Applying Amodeo II, the court therefore held that the videotape was not a judicial record and that no presumption of public access applied. Id. at 118. Nevertheless, because of the public nature of the case and the minimal privacy interest of the deponent, the court denied the sealing application, emphasizing that the "underlying litigation directly addresses a matter of public interest regarding a Congressman's performance of his official duties." Id. at 120.

In this case, the Giuliani deposition has not, at least at this time, been relied upon by the Court, and any presumption of access would therefore be a weak one. However, the facts of this case, like those in Condit, indicate that public access is warranted. Mr. Giuliani is a defendant in this case and not an uninvolved third party. He was the Mayor of New York City during the events giving rise to plaintiffs' allegations – the inception of Operation Refusal – and plaintiffs are suing him with respect to actions they alleged he took as a public official, not as a private citizen. Though the case may no longer be front page news, it is still a matter of public interest.

There is a "strong, legitimate public interest . . . to have unfettered access to court proceedings, particularly when they involve elected officials and the performance of their governmental responsibilities." Flaherty v. Seroussi, 209 F.R.D. 295, 300 (N.D.N.Y. 2001). That Mr. Giuliani is now a private citizen is of no moment. See Condit, 225 F.R.D. at 120

("[T]he court notes the added public interest in this case; the statements at issue [in the deposition] address the propriety of a *then-sitting* United States Congressman in the discharge of his duties.") (emphasis added). Thus, the public interest in this case favors public access.

Mr. Giuliani's privacy is also unlikely to be affected in the event the deposition is publicized. Defendants have not identified any potentially embarrassing or unduly intrusive portions of Mr. Giuliani's deposition. In any event, the court in Flaherty noted, "[t]he mere fact that some level of discomfort, or even embarrassment, may result . . . is not in and of itself sufficient to establish good cause to support the issuance of protective order." Flaherty, 209 F.R.D. at 299.

Defendants argue that plaintiffs may improperly seek to obtain commercial advantage through release of the videotape. Cf. Paisley Park Enterprises, Inc. v. Uptown Prods., 54 F. Supp. 2d 347 (S.D.N.Y. 1999) (Defendants operated a fan website devoted to singer Prince, whose videotaped deposition could be used to generate content and profit for their website). Plaintiffs' counsel may have suggested that the deposition has "newsworthy value" and even "that he plans to release it to the press." Def.s' Letter Reply at 3. To preclude any improper use, this Court will strictly prohibit all parties and their counsel from selling the deposition videotape or making any use of it for commercial gain

The Court also notes that no imminent trial date has been set in this case. Even if the media disseminates Giuliani's deposition, there is little if any risk of an adverse effect on the jury pool. See Condit, 225 F.R.D. at 118.

## Conclusion

For all these reasons, defendants' motion for a protective order is denied, subject to the requirement that the parties and their counsel are prohibited from selling the videotape of Mr. Giuliani's deposition or any portion of it, or making any use of the videotape or any portion of it

for commercial gain. The previously issued protective order will remain in effect until May 12, 2005, to afford defendants time to appeal this order to the Honorable Raymond J. Dearie if they choose to do so.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

**Brooklyn, New York**
**April 27, 2005**

C:\MyFiles\padberg 042705.wpd