```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN PADBERG, et al.,

                        Plaintiffs,
                                                           MEMORANDUM
        - against -                                        AND ORDER
                                                           CV-00-3355 (RJD)
DIANE McGRATH-McKECHNIE, et al.,

                        Defendants.
-------------------------------------------------------X
```
Gold, S., *United States Magistrate Judge*:

## Introduction

A stipulation of settlement was entered in this class action lawsuit on August 1, 2006. Docket Entry 311. The settlement was approved by United States District Judge Raymond J. Dearie after a fairness hearing held on August 1, 2006. Docket Entry 313. The settlement does not call upon defendants to pay a specified sum of money. Instead, the agreement provides that class members may participate in a claims procedure by seeking payment in an amount calculated pursuant to a formula set out in the agreement. Stipulation of Settlement ¶¶ 26-33, 46-58.

Apparently frustrated by the pace of defendants' review and payment of their claims, plaintiffs moved for an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a). The parties consented to have the motion decided by me by stipulation dated November 16, 2006. Docket Entry 340.

I heard argument on the motion on December 21, 2006, and denied the motion for reasons I stated orally from the bench at the conclusion of the hearing. Plaintiffs have now moved for reconsideration of my ruling. Docket Entry 351. For the reasons stated below, the motion for reconsideration is denied.

**Discussion**

*Standard for Motion for Reconsideration*

A party may seek reconsideration of a court order determining a motion by serving "a memorandum setting forth controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. Plaintiffs have cited authorities that were not presented to me and which I did not consider before I ruled on December 21, 2006. I therefore turn to the merits of plaintiffs' motion and, in particular, whether the new authorities they cite prompt me to change my decision.

*Merits of Plaintiffs' Motion*

My original ruling rested on two alternative bases: first, that the settlement agreement entered by Judge Dearie was not a "judgment" for purposes of Section 1961(a), and second, that even if it were, an award of post-judgment interest would not be warranted because the agreement does not require payment of a specific sum but instead provides a formula for determing the amount of a particular plaintiff's claim. None of the cases cited by plaintiffs in support of their motion warrant reconsideration of either proposition.

    a. *Section 1961(a) Does Not Apply to Settlement Agreements*

In reaching my original decision, I relied on cases declining to apply Section 1961(a) to settlement agreements. *See, e.g.*, *Isaiah v. City of New York*, 1999 WL 38846 at *1 (S.D.N.Y. Jan. 29, 1999); *In re Ivan F. Boesky Securities Litigation*, 913 F. Supp. 256, 260 (S.D.N.Y. 1996); *Kincade v. General Tire and Rubber Co.*, 540 F. Supp. 115, 120-21 (W.D. Tex. 1982). Plaintiffs have not cited a single case in support of their motion for reconsideration that applies Section 1961(a) to a settlement agreement, even when the agreement is entered by a court.

Plaintiffs rely on *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 78 S. Ct. 674 (1958), which did not involve a settlement agreement at all, and in which the Supreme Court merely stated in dicta that "[n]o formal words and no peculiar formal act" are necessary to render a judgment. 356 U.S. at 233, 78 S. Ct. at 678. The cases cited by plaintiffs that do involve settlement agreements hold only that such agreements may provide a basis for determining that a party has prevailed and is therefore entitled to an award of attorney's fees, *see, e.g., Maher v. Gagne*, 448 U.S. 122, 129, 100 S. Ct. 2570, 2575 (1980), or that a court's order approving a class action settlement may be appealed by an objecting unnamed class member. *See, e.g., Devlin v Scardelletti*, 536 U.S. 1, 14, 122 S. Ct. 2005, 2013 (2002). These authorities arguably suggest that settlement agreements may, under certain circumstances, share some characteristics of judgments, but they are insufficient to overcome the explicit holdings cited above. Accordingly, my ruling that Section 1961(a) does not apply to settlement agreements, even when they are approved by court order, stands unaltered.

*b. Interest Accrues from the Date the Amount of Damages are Ascertained*

Plaintiffs next challenge the second premise of my ruling; that is, that interest should not apply in any event to an agreement that does not provide for payment of a sum certain. Because I do not alter my holding that Section 1961(a) does not apply to settlement agreements, I need not reach this issue. In any event, plaintiffs have failed to cite any authorities directly on point.

The cases relied on by plaintiffs hold that, when a judgment is entered awarding a party attorney's fees, the party is entitled to interest on the fee award from the date of the judgment even though the amount of fees has not yet been determined. *See*, *e.g., Private Sanitation Union Local 813 v. Gaeta-Serra Assoc., Inc.*, 2005 WL 2436194 at *4 (E.D.N.Y. Aug. 12, 2005);

3

*Aiello v. Town of Brookhaven*, 2005 WL 1397202 at *9 (E.D.N.Y. June 13, 2005); *King v. JSC Enterprises, Inc.*, 325 F. Supp. 2d 162, 175 (E.D.N.Y. 2004); *Albahary v. City and Town of Bristol*, 96 F. Supp.2 d 121 (D. Conn. 2000). Although the logic of these cases might arguably apply here, none involve a judgment or agreement that entitles a party to compensation in an unspecified amount on an underlying claim, and none address whether a party is entitled to post-judgment interest after a finding of liability but before any particular amount of damages is determined.

*Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 110 S. Ct. 1570 (1990) is a more applicable precedent. Bonjorno sued Kaiser for antitrust violations under the Sherman Act. The jury entered a verdict in Bonjorno's favor on August 21, 1979, and a judgment reflecting the verdict was entered the following day. Although substantial post-trial and appellate litigation followed, none of the subsequent rulings affected the verdict on liability; rather, each was limited to damages issues. Once the proper amount of damages was resolved, Bonjorno sought an award of post-judgment interest under Section 1961(a). Bonjorno argued, as plaintiffs do here, that he was entitled to post-judgment interest from the date on which a judgment was entered determining defendants to be liable, and not merely from some later date on which the amount of that liability was finally determined. The Supreme Court, however, disagreed, and held that post-judgment interest should accrue only from the date on which the amount of damages was properly ascertained. 494 U.S. at 836, 110 S. Ct. at 1576. Thus, *Kaiser* controls here, and precludes plaintiffs from recovering post-judgment interest from the date of entry of their settlement agreement – even assuming the agreement was the equivalent of a judgment – because the agreement did not determine the amount of defendants' liability.

**Conclusion**

For the reasons stated above, I conclude that Section 1961(a) does not provide for post-judgment interest on settlement agreements, even when they are entered by the court. I further conclude that post-judgment interest on damages begins to run only when the amount of damages has been determined. Accordingly, plaintiffs' motion for reconsideration is denied.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
March 27, 2007

U:\padberg reconsider.wpd