UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN PADBERG, et al.,

                      Plaintiffs,

   - against -                              MEMORANDUM
                                                 AND ORDER
DIANE McGRATH-McKECHNIE, et al.,          CV-00-3355 (RJD)

                    Defendants.
-----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

       This class action litigation was resolved by a Stipulation of Settlement filed on August 1, 2006. *See* Docket Entry 311. The Stipulation provides, among other things, for payments to be made to class members who complete a "Settlement Claim Procedure." *Id*. ¶¶ 26-27, 46-58. Class members who fail to submit a claim form by a specified bar date may not recover monies under the Stipulation. *Id.* ¶ 58. Although many class members have submitted claim forms, some have not.

       By letter motion dated July 25, 2007, docket entry 377, counsel for the plaintiff class seeks an order directing defendants to disclose to them the social security account numbers ("SSNs") of class members who have not submitted claim forms pursuant to the Stipulation of Settlement. Counsel contend that the SSNs may assist them in locating these class members and alerting them to their rights under the Stipulation of Settlement.

       Defendants contend that the disclosure of social security numbers sought by class counsel is prohibited by the Social Security Act, 42 U.S.C. § 405(c)(2)(C)(i), (vi) and (viii). Section 405(c)(2)(C)(viii) in particular provides that social security numbers are confidential, and that "no authorized persons shall disclose any such social security account number or related record."

Plaintiff argues that a court may order disclosure of social security numbers pursuant to an exception in the Privacy Act codified at 5 U.S.C. § 552a(b)(11). As noted below, I do not decide in this case whether a court may ever properly direct a government agency to disclose social security numbers in the context of a pending litigation. Plaintiffs' arguments in support of disclosure in this case, however, are not persuasive.

First, while the non-disclosure provision in 42 U.S.C. § 405 applies specifically to social security numbers, Section 552a applies to agency records generally. When two conflicting statutes arguably govern, the more specific statutory provision controls. *See HCSC-Laundry v. U.S.,* 450 U.S. 1, 6, 101 S. Ct. 836, 839 (1981) (invoking the "basic principle of statutory construction that a specific statute. . . controls over a general provision"); *In re Stoltz*, 315 F.3d 80, 93 (2d Cir. 2002); *U.S. v. Torres-Echavarria,* 129 F.3d 692, 699 n.3 (1997) (noting "[t]he operative principle of statutory construction . . . is that a specific provision takes precedence over a more general provision").

Second, the precedent cited by plaintiffs does not support disclosure of social security numbers under circumstances comparable to those at issue here. Rather, most of the cases cited by plaintiffs involve disclosure of information other than social security numbers. *See*, *e.g.*, *Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987). Those cases pointed to by plaintiffs that authorize disclosure of social security numbers do not, with one exception, involve disclosure by government agencies. *See, e.g., Maritime Asbestosis Legal Clinic v. U.S. Lines, Inc.*, 216 F.3d 228 (2d Cir. 2000). This distinction is relevant because Section 405(c)(2)(C) applies to states and political subdivisions and not to private persons or entities. 42 U.S.C. § 405(c)(2)(C)(i).

Plaintiffs do cite one case in which a government agency was directed to disclose social

2

security information. *See Pearson v. Heavey*, 1997 WL 159656 (S.D.N.Y. Apr. 3, 1997). The decision in *Pearson*, however, involved the social security number of a party who was represented in the action and could be heard in opposition to disclosure. Moreover, the decision did not address the limitations on disclosure set forth in Section 405.

I do not here decide whether a court may ever order a government agency to disclose social security numbers despite the provisions of Section 405(c)(2)(C). Even if such an order is permissible, disclosure is not warranted here. First, the Stipulation of Settlement in this case requires defendant to notify class members by mail and publication. Stipulation of Settlement ¶¶ 37-38. The Stipulation further requires defendant to use reasonable efforts to find members' current addresses and, under certain circumstances, to send a second mailing to non-responsive class members. *Id*. ¶ 37. The Stipulation goes even further, mandating that defendant advise class counsel of all notices returned as undeliverable, so that class counsel may attempt to achieve actual notice, with additional postage costs paid by defendant. *Id.* The agreement does not, in contrast, require defendant to disclose social security numbers. Class counsel has made no suggestion that defendants have been anything but diligent in their efforts to locate members of the plaintiff class, or that there is any other reason to disturb the terms of the agreement reached by the parties.

Second, social security records are highly confidential, and any order requiring their disclosure would ordinarily limit access to a small number of clearly identified number of persons. Here, however, an "attorney's eyes only" limitation would not be practical; to be useful, the social security numbers would have to be disclosed to investigators seeking to locate those class members who have not submitted a claim.

Finally, plaintiffs' contention that, equipped with social security numbers, counsel will be able to locate substantial numbers of class members –members who did not respond to publication notice or notice mailed to their last known addresses – is speculative.

In a recent case before this court, then Chief Judge Korman stressed that, "[w]hile a handful of cases . . . have allowed for the discovery of SSNs, those cases either ignore the significant privacy interests at stake or underestimate the potential burden of such disclosure." *Entral Group Internat'l, LLC v. YHCL Vision Corp.*, 436 F.Supp.2d 404, 405 (E.D.N.Y. 2006). Having considered all of the relevant circumstances, I conclude that the intrusion that would result from disclosure of the social security account information sought by plaintiffs is not warranted. Plaintiffs' application is therefore denied.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 9, 2007

U:\padberg 080907.wpd